IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PERCY REID, a/k/a Percy Rock, | : | |
| Petitioner, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| R.M. LAWLER, ET AL., | : | |
| Respondents. | : | No. 08-5674 |

**MEMORANDUM**

**Baylson, J.** March 25, 2010

## I.  Introduction

Petitioner, Percy Reid ("Petitioner"), filed a federal Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. No. 1). The undersigned referred the case to Magistrate Judge Arnold C. Rapoport for a Report and Recommendation ("R&R") on the merits. Magistrate Judge Rapoport filed his R&R on October 29, 2009 (Doc. No. 29), and presently before the Court are Petitioner's Objections to the R&R, which he timely filed on November 9, 2009 (Doc. No. 30).

Upon independent and thorough review, and for the reasons stated below, this Court denies Petitioner's objections and accepts Magistrate Judge Rapoport's R&R.

## II.  Background and Procedural History

Petitioner was convicted on September 13, 1978 in the Philadelphia Court of Common Pleas on charges of burglary, theft by unlawful taking, criminal conspiracy, and criminal contempt, and was sentenced to a term of imprisonment of five to fifteen years (the "CCP sentence"). Petitioner was released on parole on October 19, 1984. On March 20, 1991,

Petitioner was arrested on new charges, and the Philadelphia Board of Probation and Parole (the "Board") detained him pending resolution of these new charges. Petitioner was found guilty of the new charges in Philadelphia Municipal Court on November 14, 1991, and was sentenced to one to two years incarceration (the "MCP sentence"). On October 6, 1993, Petitioner was recommitted as a convicted parole violator to serve the balance of his original five to fifteen year CCP sentence.

On December 29, 1993, Petitioner was again released on parole from his CCP sentence, but because he had not yet begun to serve his MCP sentence, he was effectively paroled to begin serving that sentence. At some later date, Petitioner was released from custody,[1] but Petitioner was arrested again on new charges on January 13, 1995. Because of this new arrest, Petitioner was detained by the Board on April 10, 1995, pending resolution of the new charges. Petitioner was found guilty of the new charges and sentenced on January 14, 1997, to a term of incarceration of ten to twenty years (the "1997 sentence"). Following this conviction, Petitioner was again recommitted by the Board on February 4, 1997 as a convicted parole violator to continue serving the twenty-seven months still remaining on his CCP sentence. On June 24, 1997, the Board determined that the remainder of Petitioner's maximum sentence would expire on March 21, 2005.

After twice being denied parole – on July 16, 1998, and August 3, 2000, respectively – Petitioner filed a mandamus action in the Commonwealth Court of Pennsylvania on August 10, 2000, challenging: (1) the October 6, 1993 revocation decision, (2) the February 4, 1997

---

[1]Magistrate Judge Rapoport noted that the record did not disclose this release date, but assuming Petitioner had served the minimum MCP sentence, the earliest release date would have been sometime after December 29, 1994. (R&R at 3.)

revocation decision, and (3) the Board's June 24, 1997 recalculation of the remainder of Petitioner's sentence. By Order dated March 20, 2001, the Commonwealth Court quashed Petitioner's action sua sponte on the ground that there was no order timely appealed in Petitioner's August 10, 2000 filing. Petitioner's subsequent attempt to appeal to the Pennsylvania Supreme Court was ordered closed for failure to perfect.

Petitioner was again denied parole on February 19, 2002, and subsequently, on March 4, 2002, filed two actions – one with the Commonwealth Court of Pennsylvania, the other with the Pennsylvania Supreme Court – again challenging the Board's authority to recommit him as a convicted parole violator without a timely revocation hearing, and asserting that the Board's failure to grant him a timely hearing caused the Board to illegally extend his CCP sentence. On March 7, 2002, the Commonwealth Court dismissed the petition on the ground that Petitioner could not challenge an un-appealed parole order, and that the Commonwealth Court's original jurisdiction could not be used to revive lapsed appeal rights. The Pennsylvania Supreme Court denied the petition on June 12, 2002, and also denied Petitioner's petition for allowance of appeal of the Commonwealth Court's dismissal order.

On September 12, 2002, Petitioner filed a petition for writ of habeas corpus in this Court asserting that the Board had erroneously calculated the maximum expiration date for his sentences.[2] (Docketed at 2:02-cv-07289.) Because Petitioner was incarcerated at SCI Green at the time he filed his petition, on November 21, 2002, the undersigned transferred the case to the United States District Court for the Western District of Pennsylvania. (Docketed at 2:02-cv-

---

[2]Magistrate Judge Rapoport's R&R incorrectly stated that the date Petitioner filed his habeas corpus petition in this Court was "November 21, 2002." (R&R at 5.) The actual date Petitioner filed his initial habeas corpus petition was September 12, 2002.

02230.) In an Order dated January 29, 2004, Chief Judge Ambrose of the Western District of Pennsylvania adopted Magistrate Judge Ila A. Sensenich's R&R concluding that while it was unclear whether Petitioner exhausted available state court remedies or whether his claims were procedurally defaulted, Petitioner's claims were clearly meritless, and were thus dismissed with no certificate of appealability issued. On August 31, 2004, the United States Court of Appeals for the Third Circuit subsequently denied Petitioner's request for a certificate of appealability.

On March 21, 2005, Petitioner's CCP sentence expired. He is still incarcerated, however, serving his 1997 sentence, which will expire on February 28, 2023.

On December 5, 2008, Mr. Reid filed the instant Petition for Writ of Habeas Corpus (Doc. No. 1), arguing that the Board improperly calculated his remaining sentence after he was recommitted to continue serving the CCP sentence, and that he is being held past his maximum sentence.[3] (R&R at 5-6; Doc. No. 29.) The government responded to Mr. Reid's petition on August 13, 2009 (Doc. No. 23). Magistrate Judge Rapoport filed his R&R on October 27, 2009 (Doc. No. 29), and Petitioner filed his Objections to the R&R on November 9, 2009 (Doc. No. 30).

### III. Discussion

#### A. Summary of Magistrate Judge's Report and Recommendations

Magistrate Judge Rapoport found that Petitioner's habeas petition was legally deficient for three reasons. First, the R&R found that the petition was clearly a second, or successive, habeas petition, and that the current petition is materially indistinguishable from the petition Mr.

---

[3]Magistrate Judge Rapoport's R&R indicated that Petitioner did not mention his 1997 sentence – the sentence Petitioner is currently serving – in his petition. (R&R at 6.)

Reid filed in 2004.  Thus, because neither of the two exceptions set forth in 28 U.S.C. § 2244(b)(2) apply, and because Petitioner did not seek authorization to file a second or successive petition from the Third Circuit, Petitioner's habeas petition must be dismissed. Second, the R&R found that the issue Petitioner seeks to raise in federal court is procedurally defaulted because (1) the claims raised in the petition were not properly preserved in the state courts, (2) Petitioner makes no claim of "cause" or "prejudice," and (3) the failure to consider this issue on review will not result in a miscarriage of justice.  Third, the R&R found that Petitioner's claim is time-barred where the statute of limitations for filing a federal habeas claim under 28 U.S.C. § 2244 is one year but the action that allegedly caused Petitioner harm occurred in 1997 – when the Board ordered him recommitted to continue serving his CCP sentence – and Petitioner did not file this petition until 2008.  For these reasons, the R&R found Petitioner's claim untimely.

**B.     Analysis**

In ruling on objections to the R&R of a United States Magistrate Judge, this Court reviews de novo only the findings of the R&R that Petitioner specifically objects to.  28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72.  When reviewing documents filed pro se, a court must keep in mind that "[a] document filed pro se is 'to be liberally construed.'" Colon v. Rozum, 2009 WL 273214, at *3 (E.D. Pa. Jan. 30, 2009) (Baylson, J.) (citing Erickson v. Pardus, 551 U.S. 89, 94 (2007)).

While Petitioner filed Objections to the R&R, his stated objections are essentially a repetition of the arguments set forth in Petitioner's habeas petition.  Specifically, Petitioner's Objections span four (4) pages, in which Petitioner again argues that the Board improperly

calculated his remaining sentence after he was recommitted to continue serving the CCP sentence, and that he is being held past his maximum sentence.[4] These are the same arguments set forth by Petitioner in his habeas petition and addressed by Magistrate Judge Rapoport in his R&R. (R&R at 6.) Petitioner has failed to specifically object to any of the R&R's findings, or identify the basis for any such objection.

As Judge DuBois has stated in a similar factual circumstance, "[i]n these recycled arguments, petitioner fails to 'specifically identify' the portion of the R&R to which objection is made and the basis for such objection as required by Local Rule 72.1(IV)(b). The issues raised by petitioner's earlier submission were already considered and rejected in the R&R . . . . They need not be addressed again." Norton v. Coleman, 2010 WL 290517, at *1 (E.D. Pa. Jan. 21, 2010). Similarly, in the present case, where Petitioner has failed to specifically object to any portion of the R&R or provide the basis for any such objections, the Court will not again address the issues raised in Petitioner's habeas petition that were already addressed by Magistrate Judge Rapoport.

Even if the Court were to consider Petitioner's argument that the Board improperly calculated his remaining sentence after he was recommitted to continue serving the CCP sentence, and that he is being held past his maximum sentence, the Court would come to the same conclusions reached by Magistrate Judge Rapoport in his R&R. First and foremost, the Court agrees with the R&R in that Petitioner's habeas petition is clearly a second, or successive,

---

[4] It is apparent that Petitioner may have misunderstood the function of the R&R. Indeed, Petitioner's Objections stated that "[t]he Petition for writ of Habeas Corpus should not have been dismissed . . . and a[n] evidentiary hearing should have been held so Petitioner could have been present to make his claim more underst[ood] . . . ." (Petitioner's Objections at 1-2.) The Court now clarifies that the R&R itself did not serve to "dismiss" Petitioner's habeas petition.

habeas petition, and because neither of the two exceptions set forth in 28 U.S.C. § 2244(b)(2) apply (pertaining to newly discovered facts or new rules of Constitutional law), and because Petitioner did not seek authorization to file a second or successive petition from the Third Circuit, Petitioner's habeas petition must be dismissed. Second, the issue Petitioner seeks to raise in federal court is procedurally defaulted because the claims raised in the petition were not properly preserved in the state courts, because Petitioner made no claim of "cause" or "prejudice," and because the failure to consider this issue on review will not result in a miscarriage of justice. Third, the Court finds that Petitioner's claim is time-barred under 28 U.S.C. § 2244. For these reasons, even if the Court were to address the merits of Petitioner's claims, the Court would still reach the same conclusions that Magistrate Judge Rapoport reached in his R&R.

**V.    Conclusion**

After careful, independent, and thorough review, and for the reasons stated above, the Court adopts the R&R and denies Petitioner's Petition for Writ of Habeas Corpus. A certificate of appealability will not issue because reasonable jurists would not debate whether the petition states a valid claim of the denial of a constitutional right or this Court's procedural rulings with respect to petitioner's claims. See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

An appropriate Order follows.

A:\08-5674 - Objections to R&R - Memo - Reid v. Lawler.wpd